T.C. Summary Opinion 2006-138

UNITED STATES TAX COURT

GARY LYLE GIBSON AND MIRIAN JULIA ALVES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19638-05S.            Filed September 11, 2006.

Gary Lyle Gibson, pro se.

<u>Brian A. Pfeifer</u>, for respondent.

JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a $3,468 deficiency in petitioners' 2003 Federal income tax.  The issues for decision are:  (1) Whether petitioners are entitled to dependency exemption deductions for petitioner Gary Lyle Gibson's (Mr. Gibson's) three minor children from a previous marriage; and (2) whether petitioners are entitled to a nonrefundable child tax credit and a refundable additional child tax credit with respect to each of those children.

## Background

Some of the facts have been stipulated, and they are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time of filing the petition, petitioners resided in Margate, Florida.

Mr. Gibson has three children from a former marriage.  That marriage was dissolved by a judgment of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County on April 11, 2003.  As part of its judgment, the Florida circuit court:  (1) Ordered shared parental responsibility for the three children; and (2) ordered Mr. Gibson to pay child support of $420.94 biweekly.  Additionally, the court designated Mr. Gibson's former wife the custodial parent.[1]  The judgment of the Florida circuit court did not award either parent the right to

---

[1]Mr. Gibson's former wife was named the "primary residential parent", and Mr. Gibson was named the "secondary residential parent."

claim dependency exemption deductions for the children for Federal income tax purposes. The children resided with their mother for the greater portion of 2003, the tax year in issue.

Petitioners timely filed a joint Form 1040, U.S. Individual Income Tax Return, for tax year 2003. They claimed dependency exemption deductions for the three children in the custody of Mr. Gibson's former spouse, as well as child tax credits and additional child tax credits for those children.[2] Petitioners did not attach to their return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or other written declaration by Mr. Gibson's former spouse.

Respondent determined that petitioners are not eligible for the dependency exemption deductions claimed for the minor children in the custody of Mr. Gibson's former spouse, or for the child tax credits or the additional child tax credits claimed for those children. Accordingly, respondent determined a $3,468 deficiency in tax for petitioners' 2003 tax year and sent petitioners a notice of deficiency. Petitioners timely petitioned this Court, alleging that they provided more than 50 percent of the children's support during 2003 and are therefore entitled to the claimed dependency exemption deductions, child tax credits, and additional child tax credits.

---

[2]Petitioners also claimed a dependency exemption deduction with respect to a fourth child. Respondent does not challenge the validity of that claim.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the burden of proving an error is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Custody is determined by the most recent divorce or custody decree. Sec. 1.152-4(b), Income Tax Regs. A noncustodial parent may be entitled to a dependency exemption deduction under section 151 if the noncustodial parent attaches to his or her tax return a Form 8332 or similar written declaration, signed by the custodial parent, stating that the custodial parent will not claim the child as a dependent for the calendar year. Sec. 152(e)(2); Miller v. Commissioner, 114 T.C. 184 (2000).

The Florida circuit court's judgment granted primary physical custody to Mr. Gibson's former wife. Petitioners, as noncustodial parents, did not attach to their 2003 return a Form 8332 or similar written declaration by Mr. Gibson's former wife that she would not claim the children as dependents.

At trial, petitioners submitted a document entitled "Establishment of Fact" in which they cited the provisions of sections 151 and 152 but argued that these statutory provisions are unconstitutional because biological fathers involved in divorce typically do not obtain custody of their children when the marriage ends and yet typically contribute more than 50

percent of their children's support.[3]  Petitioners' argument is flawed.

Before 1985, the custodial parent generally was treated as having provided more than half of the support for each minor child and was entitled to the dependency exemption deduction. The noncustodial parent, however, was entitled to the dependency exemption deduction if he or she provided $1,200 or more for the support of the child and the custodial parent did not "clearly establish" by a preponderance of the evidence that he or she provided more than the noncustodial parent.  See sec. 152(e) before amendment by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 423(a), 98 Stat. 799.  This put the Internal Revenue Service in the middle of conflicts between parents that were "often subjective and [presented] difficult problems of proof and substantiation."  H. Rept. 98-432 (Part 2), at 1498 (1984).

Congress amended section 152(e) and gave the dependency exemption deduction to the custodial parent unless that parent waives the right to claim it.  Id. at 1499.  Absent such a waiver, under section 152(e)(1), in the case of a minor dependent whose parents are divorced or separated and together provide over half of the support for the minor dependent, the parent having custody for the greater portion of the calendar year will

---

[3] At trial, petitioners did not submit any evidence to support their claim that they contributed more than 50 percent of the children's support.

generally be treated as providing over half of the support of the minor dependent, and that parent will be entitled to the dependency exemption deduction.

It is well settled that deductions are a matter of legislative grace, and taxpayers must satisfy the specific statutory requirements for claimed deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This Court has in the past rejected claims that the provisions of section 152 are unconstitutional.  Caputi v. Commissioner, T.C. Memo. 2004-283.  Accordingly, we hold that for tax year 2003 petitioners are not entitled to dependency exemption deductions for the three children from Mr. Gibson's previous marriage.

Petitioners claimed child tax credits and additional child tax credits for the three children who were claimed as dependents.  Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer.

The term "qualifying child" is defined in section 24(c).  A "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year, and

who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B).  Sec. 24(c)(1).

The child tax credit is a nonrefundable personal credit that was added to the Internal Revenue Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 101(a), 111 Stat. 796, with a provision for a refundable credit, the additional child tax credit, for families with three or more children.  For tax years beginning after December 31, 2000, the additional child tax credit provision was amended to remove the restriction that only families with three or more children are entitled to claim the credit.  See sec. 24(d)(1); Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 201(c)(1), 115 Stat. 46.

In the absence of other nonrefundable personal credits, a taxpayer is allowed to claim a child tax credit in an amount that is the lesser of the full child tax credit or the taxpayer's Federal income tax liability for the taxable year.  See sec. 26(a).

If the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child tax credit may be refundable as an additional child tax credit under section 24(d)(1).  For 2003, the additional child tax credit is allowed in an amount that is the lesser of the remaining child tax credit available or 10 percent of the amount

by which the taxpayer's earned income exceeds $10,500.  Sec. 24(d)(1)(A) and (B), (3); Rev. Proc. 2002-70, sec. 3.04, 2002-2 C.B. 845, 847.  The refundable and nonrefundable portions of the child tax credit cannot exceed the total allowable amount of the credit.

Since petitioners are not allowed dependency exemption deductions with respect to the children from Mr. Gibson's former marriage, they are not qualifying children.  Therefore, petitioners are not entitled to claim child tax credits with respect to those children.  Moreover, petitioners are not entitled to claim additional child tax credits because they did not qualify for child tax credits.

To reflect the foregoing,

Decision will be entered for respondent.